SUMMONS

STATE OF MINNESOTA                    DISTRICT COURT

COUNTY OF HENNEPIN              FOURTH JUDICIAL DISTRICT

| | |
|---|---|
| ERIC WONG, | Case No. _____ |
| *Plaintiff,* | Case Type: <u>14  (Other Civil)</u>____ |
| v. | |
| WINDAM, INC., d/b/a UNCOMMON GROUNDS, a Minnesota business corporation; and DALE W. LEE, | **SUMMONS** |
| *Defendants.* | |

THIS SUMMONS IS DIRECTED TO <u>**WINDAM, INC.**</u>

     1.    **YOU ARE BEING SUED.** The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this summons.

     2.    **YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this summons **a written response** called an Answer within 20 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this Summons located at:

          Paul R. Hansmeier (MN Bar #387795)
          CLASS JUSTICE PLLC
          100 South Fifth Street, Suite 1900
          Minneapolis, MN 55402

- 1 -



3.      **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

4.      **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the Complaint. If you do not want to contest the claims stated in the Complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the Complaint.

5.      **LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

6.      **ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

_____
Plaintiff's attorney's signature

12/31/13
_____
Dated

Paul R. Hansmeier (MN Bar # 387795)
CLASS JUSTICE PLLC
100 South Fifth Street, Suite 1900
Minneapolis, MN 55402
E-mail: mail@classjustice.org
Phone: (612) 326-9801

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |

| | |
|---|---|
| ERIC WONG,<br><br>     *Plaintiff,*<br><br>v.<br><br>WINDAM, INC., d/b/a UNCOMMON GROUNDS, a Minnesota business corporation; and DALE W. LEE,<br><br>     *Defendants.* | Case No. _____<br><br>Case Type: <u>14  (Other Civil)</u><br><br>**COMPLAINT**<br><br>**Injunctive Relief Sought** |

Plaintiff, Eric Wong, by and through the undersigned counsel, brings this action against Defendant Windam, Inc., a Minnesota business corporation doing business under the Minnesota Business Name "Uncommon Grounds," and against Defendant Dale W. Lee, an individual who is the owner and/or lessor of the real property and improvements at issue in this action, for violations of the Americans With Disabilities Act, 42 U.S.C. § 12181, *et seq.* (the "ADA") and its implementing regulations, and for violations of the Minnesota Human Rights Act, Minn. Stat. Chapter 363A (the "MHRA"), and alleges as follows:

## INTRODUCTION

1.    Plaintiff is a person with a disability. He brings this civil rights action against Defendants for failing to design, construct, and/or own or operate facilities that are fully accessible to, and independently usable by, persons with disabilities. Specifically, the coffeehouse commonly referred to as "Uncommon Grounds," located

at 2809 Hennepin Ave. S., Minneapolis, MN 55408, a place of public accommodation within the meaning of the ADA and the MHRA, has failed to remove barriers preventing or limiting entry and full and equal use of the store facilities to persons with disabilities, like Plaintiff, notwithstanding that such modifications are readily achievable.

2.    The failure of Defendants to provide equal access to "Uncommon Grounds" violates the mandate of the ADA and the MHRA to provide "full and equal enjoyment" of a public accommodation's goods, services, facilities, privileges, and advantages. Remedying such access barriers is critical to the statutory goal of the ADA and MHRA of providing persons with disabilities the same access that others take for granted.

3.    Defendants' conduct constitutes an ongoing and continuous violation of the law. Defendant Windam, Inc. d/b/a "Uncommon Grounds" was given advance notice that its facilities contained accessibility barriers through a letter sent on September 18, 2013, prior to the initiation of the instant petition for relief. Despite being given notice, Defendants have failed to take any prompt and equitable steps to remedy the discriminatory barriers at their facilities.

4.    Accordingly, Plaintiff seeks a declaration that Defendants' facilities violate federal law and an injunction requiring Defendants to make reasonable modifications to the facilities in compliance with ADA requirements so that they are fully accessible to, and independently usable by, individuals with disabilities. Plaintiff further requests that, given Defendants' historical failure to comply with the ADA's mandate, the Court retain jurisdiction over this matter for a period to be determined to ensure that Defendants come into compliance with the relevant requirements of the ADA and to ensure that Defendants have adopted measures that will, in fact, cause them to remain in compliance with the law.

- 2 -

## JURISDICTION AND VENUE

5.     This is an action for declaratory and injunctive relief, pursuant to Title III of the ADA, and for damages, civil penalties, and injunctive relief pursuant to the MHRA. This Court has concurrent jurisdiction over the federal cause of action, and has original jurisdiction over the state cause of action pursuant to Minn. Stat. 363A.33.

6.     Venue in this judicial district is proper because Defendants are located and transact business within this judicial district and have sufficient contacts to be subject to personal jurisdiction in this judicial district, and because this is the judicial district in which the acts and omissions giving rise to the claims occurred.

## PARTIES

7.     Plaintiff, Eric Wong, is, and at all times relevant hereto was, a resident of the city of Minneapolis, in the State of Minnesota. Plaintiff suffers from, and all times relevant hereto has suffered from, a legal disability as defined by the ADA, 42 U.S.C. § 12102(2), and as defined by the MHRA, Minn. Stat. 363A.03, Subd. 12. Plaintiff is therefore a member of a protected class under the ADA, under the regulations implementing the ADA set forth at 28 C.F.R. § 36.101 *et seq.*, and under the MHRA.

8.     Mr. Wong suffers from Ehlers-Danlos syndrome, a rare and disabling genetic condition typified by joint instability and chronic musculoskeletal pain. He suffers frequent subluxations (partial dislocations) of the shoulders, elbows, hips, and knees. He is substantially limited in performing several major life activities, including but not limited to walking and standing. Postural orthostatic hypertension, a condition related to Ehlers-Danlos syndrome, can cause him to faint while performing tasks that require him to stand upright. He uses a wheelchair for mobility when traveling outside his home. As a person with a disability, he has a personal

interest in having full and equal access to places of public accommodation and to the goods, services, facilities, privileges, advantages or other things offered therein.

9.    Defendant Windam, Inc., doing business under the Minnesota Business Name "Uncommon Grounds," is a Minnesota business corporation with its principal place of business and registered office address located at 2809 Hennepin Ave. S., Minneapolis, MN 55408. Defendant is the lessee and/or operator of the real property and improvements which are the subject of this action, the coffeehouse commonly referred to as "Uncommon Grounds," a place of public accommodation within the meaning of the ADA and MHRA, located at 2809 Hennepin Ave. S., Minneapolis, MN 55408.

10.   Defendant Dale W. Lee, an individual, is the owner and/or lessor of the real property and improvements which are the subject of this action: a building located at 2809 Hennepin Ave. S., Minneapolis, MN 55408, which contains the coffeehouse commonly referred to as "Uncommon Grounds."

## FACTUAL BACKGROUND

11.   On or about September 25, 2013, Plaintiff visited "Uncommon Grounds" at its Minneapolis location, approximately 3.1 miles from his place of residence.

12.   Plaintiff attempted to enter "Uncommon Grounds," but the entrance was inaccessible due to the presence of a significant change in level at the entrance threshold—a series of steps—and the lack of a ramp. Plaintiff verified the absence of an accessible entrance to "Uncommon Grounds." Furthermore, there were no handicapped parking spaces identified in the parking lot.

13.   Further ADA violations may be present inside "Uncommon Grounds" but cannot be verified or affirmatively plead by Plaintiff at this time due to his inability to enter the store at all due to the lack of an accessible entrance. Plaintiff is

informed and believes, and upon such information and belief alleges, that such further ADA violations may include, but are not limited to, a sales and service counter (used to order, pay for, and pick-up beverages or food items) located at a height of more than 36 inches above the floor.

14.   "Uncommon Grounds" is a place of public accommodation within the meaning of the ADA and the MHRA. As such, "Uncommon Grounds" is required to be in compliance with the ADA and with the ADA's 2004 Accessibility Guidelines, 36 C.F.R. Part 1191, appendices B and D (hereinafter the "ADAAG"), as well as with the MHRA.

15.   Plaintiff has attempted to access "Uncommon Grounds," but could not do so independently on a full and equal basis because of his disability, due to the physical barriers to access and violations of the ADA and MHRA that exist at the "Uncommon Grounds" facilities. As a result of Defendants' non-compliance with the ADA and MHRA, Plaintiff, unlike persons without disabilities, cannot independently access the facilities and/or is excluded from full and equal enjoyment of the goods, services, privileges, advantages, and/or accommodations offered therein.

## THE ADA AND ITS IMPLEMENTING REGULATIONS

16.   On July 26, 1990, President George H.W. Bush signed into law the ADA, 42 U.S.C. § 12101, *et seq.*, a comprehensive civil rights law prohibiting discrimination on the basis of disability. In its findings, Congress determined that, among other things:

      a.   Some 43 million Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole grows older;

      b.   Historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, discrimination

- 5 -

against individuals with disabilities continues to be a serious and pervasive social problem;

c. Discrimination against individuals with disabilities persists in such critical areas as employment, public housing accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

d. Individuals with disabilities continually encounter various forms of discrimination; and

e. The continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our society is justly famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and nonproductivity.

42 U.S.C. § 12101(a)(1)–(3), (5), (9).

17.   Congress explicitly stated that the purpose of the ADA was to:

a. Provide a clear and comprehensive mandate for the elimination of discrimination against individuals with disabilities;

b. Provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

c. Invoke the sweep of congressional authority, including the power to enforce the Fourteenth Amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by individuals with disabilities.

42 U.S.C. § 12101(b)(1), (2), (4).

18.    Title III of the ADA prohibits discrimination in the activities and facilities of places of public accommodation, and requires places of public accommodation to comply with ADA standards and to be readily accessible to, and independently usable by, individuals with disabilities. 42 U.S.C. § 12181–89.

19.    The ADA provided places of public accommodation one and one half years from its enactment to implement its requirements. The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if a business had 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 2181; 28 C.F.R. § 36.508(a).

20.    Pursuant to the mandates of 42 U.S.C. § 12134(a), the Department of Justice ("DOJ") promulgated federal regulations to implement the requirements of Title III of the ADA, which are codified at 28 C.F.R. Part 36. Appendix A of the 1991 Title III regulations (republished as Appendix D to 28 C.F.R. Part 36) contains the ADA Standards for Accessible Design, which were based upon the ADA Accessibility Guidelines ("1991 ADAAG") published by the Access Board on the same date. Public accommodations were required to conform to these regulations by January 26, 1992 (or January 26, 1993 if a business had 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181, *et seq.*; 28 C.F.R. § 36.508(a).

21.    In 1994, the Access Board began the process of updating the 1991 ADAAG by establishing a committee composed of members of the design and construction industries, the building code community, and State and local government entities, as well as individuals with disabilities.

22.    In 1999, based largely upon the report and recommendations of the advisory committee, the Access Board issued a notice of proposed rulemaking to update and revise the 1991 ADAAG.

23.   The Access Board issued final publication of revisions to the 1991 ADAAG on July 3, 2004.

24.   On September 30, 2004, the DOJ issued an advance notice of proposed rulemaking to begin the process of adopting the 2004 ADAAG revisions.

25.   On June 17, 2008, the DOJ published a notice of proposed rulemaking covering Title III of the ADA.

26.   The long process of revising the 1991 ADAAG culminated with the DOJ's issuance of the 2010 Standards for Accessible Design ("2010 Standards"). The 2010 Standards incorporated the revised 2004 ADA Accessibility Guidelines ("ADAAG"), as well as the requirements contained in subpart D of 28 C.F.R. Part 36. The DOJ published the Final Rule detailing the 2010 Standards on September 15, 2010. The 2010 Standards became effective on March 15, 2011.

## FACTUAL ALLEGATIONS

27.   Defendants Windam, Inc. (lessee/operator) and Dale W. Lee (lessor/owner) have discriminated against Plaintiff by failing to comply with the requirements of the ADA and the ADAAG with regard to the coffeeshop "Uncommon Grounds." A specific, though not exclusive, list of unlawful physical barriers and ADA violations present at "Uncommon Grounds" which limit Plaintiff's ability to access the facilities and/or to enjoy the goods, services, privileges, advantages and/or accommodations offered therein on a full and equal basis, includes the following:

   a. There is not an accessible entrance to "Uncommon Grounds," in violation of ADAAG 206.4 and 404. The entrance threshold has a change in level of greater than ½ inch but is not ramped, in violation of ADAAG 303 and 404.2.5. The entrance door lacks accessible hardware, in violation of ADAAG 309.4 and 404.2.7.

- 8 -

b.  There is not an accessible route throughout the site and facilities, in violation of ADAAG 206.1 and 206.2.

c.  There are no accessible parking spaces marked, despite the presence of designated customer parking areas at the facilities, in violation of ADAAG 208.2 and 502.

d.  Plaintiff is informed and believes, and upon such information and belief alleges, that the interior of "Uncommon Grounds" may contain a sales and service counter with a height of greater than 36 inches above the floor or ground, in violation of ADAAG 227.3 and 904.4. Plaintiff is unable to verify or affirmatively plead this or other interior violations at this time due to his inability to enter the facilities.

28.  The above listing is not to be considered all-inclusive of the barriers and violations of the ADA and MHRA encountered by Plaintiff or which exist at "Uncommon Grounds."

29.  Due to the lack of an accessible entrance to "Uncommon Grounds," Plaintiff is presently unable to identify all barriers or violations which may exist on these premises and which would impact his ability to access the facilities and/or to enjoy the goods, services, privileges, advantages and/or accommodations offered therein on a full and equal basis. Therefore, in order to fully remedy the discriminatory conditions, Plaintiff requires an inspection of "Uncommon Grounds," in order to photograph and measure all such barriers to access and violations of the ADA, ADAAG, and MHRA.

30.  Compliance with the ADA standards, the ADAAG, and the MHRA is readily achievable by Defendants due to the lack of difficulty and low cost of remedying the above-listed barriers. Many of the above-listed violations can be remedied through the same measures prescribed by federal regulation as examples of modifi-

cations that are "readily achievable," including, but not limited to: installing ramps; widening doors; and installing accessible door hardware. 28 C.F.R. § 36.304(b).

31.     Compliance is also readily achievable due to the significant assistance available to businesses. Section 44 of the IRS Code allows a Disabled Access tax credit for small businesses with 30 or fewer full-time employees or with total revenues of $1 million or less, which is intended to offset the cost of undertaking barrier removal and alterations to improve accessibility. Section 190 of the IRS Code provides a tax deduction for businesses of all sizes for costs incurred in removing architectural barriers, up to $15,000. *See* ADA Update: A Primer for Small Business, http://www.ada.gov/regs2010/smallbusiness/smallbusprimer2010.htm#tax (Mar. 16, 2011).

32.     As a person with a disability, Plaintiff has a personal interest in having full and equal access to places of public accommodation and to the goods, services, facilities, privileges, advantages or other things offered therein.

33.     Plaintiff intends to visit "Uncommon Grounds" again in the near future, both to ascertain whether the store remains in violation of the ADA and/or MHRA, and to attempt to patronize the restaurant on a full, equal, and independent basis. "Uncommon Grounds" is located approximately 3.1 miles from Plaintiff's place of residence.

34.     Without injunctive relief, Defendants' failure to remove accessibility barriers will continue to cause injury to Plaintiff and others like him, who will continue to be unable to independently access the "Uncommon Grounds" facilities and/or to enjoy the goods, services, privileges, advantages and/or accommodations offered therein on a full and equal basis, in violation of their rights under the ADA and MHRA.

## FIRST CAUSE OF ACTION
**Violations of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.***

35.     Plaintiff incorporates and realleges the above paragraphs.

36.     Section 302(a) of Title III of the ADA, 42 U.S.C. §§ 12101 *et seq.*, provides:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

37.     Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations that is equal to the opportunities afforded to other individuals.

38.     Defendants have discriminated against Plaintiff and others in that they have failed to make their place of public accommodation fully accessible to persons with disabilities on a full and equal basis in violation of 42 U.S.C. § 12182(a) and the regulations promulgated thereunder, including the ADAAG, as described above. Plaintiff has been denied full and equal access to "Uncommon Grounds," and/or has been denied the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations on a full and equal basis.

39.     Defendants have failed to take any prompt and equitable steps to remedy their discriminatory conduct, despite the fact that at least one Defendant, Windam, Inc. d/b/a "Uncommon Grounds," has been on notice of the fact that the

- 11 -

facilities contained accessibility barriers since at least September 18, 2013. Defend-ants' violations of the ADA and ADAAG are ongoing.

40.    Defendants have failed to remove architectural barriers to full and equal access by Plaintiff and other persons with disabilities, even though compli-ance would have been readily achievable. Removal of the architectural barriers would neither fundamentally alter the nature of the business nor result in an undue burden to Defendants.

41.    Plaintiff specifically plans to visit "Uncommon Grounds" again in the immediate future. Plaintiff is without adequate remedy at law, has suffered and is suffering irreparable harm, and reasonably anticipates that he will continue to suf-fer irreparable harm upon his planned return visit to "Uncommon Grounds" unless and until Defendants are required to remove the physical barriers to access and ADA violations that exist at Defendants' place of public accommodation, including those set forth specifically herein.

42.    This Court has authority under 42 U.S.C. § 12188 to grant Plaintiff in-junctive relief, including an order requiring Defendants to make "Uncommon Grounds" readily accessible to and independently usable by individuals with disabil-ities to the extent required by the ADA and ADAAG, and/or to close "Uncommon Grounds" until such time as Defendants cure their access barriers.

43.    Plaintiff has retained the undersigned counsel for the filing and prose-cution of this action, and is entitled to recover reasonable attorneys' fees, litigation expenses and costs from Defendants, pursuant to 42 U.S.C. §§ 12205, 12117, and 28 C.F.R. § 36.505.

## SECOND CAUSE OF ACTION
### Violations of the Minnesota Human Rights Act, Minn. Stat. Chapter 363A

44.    Plaintiff incorporates and realleges the above paragraphs.

45.   Minn. Stat. 363A.11 provides:

It is an unfair discriminatory practice:

(1) to deny any person the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of a place of public accommodation because of [...] disability [...]; or

(2) for a place of public accommodation not to make reasonable accommodation to the known physical, sensory, or mental disability of a disabled person.

46.   Under the general prohibitions established by the MHRA, Minn. Stat. 363A.11, Subd. 2, it is unlawful discrimination to deny individuals with disabilities an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations that is equal to the opportunities afforded to other individuals.

47.   Defendants have engaged in unfair discriminatory practices against Plaintiff and others in that they have failed to make their place of public accommodation fully accessible to persons with disabilities on a full and equal basis. The acts herein constitute violations of the MHRA, 363A.11. Plaintiff has been denied full and equal access to "Uncommon Grounds," and/or has been denied the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations on a full and equal basis.

48.   Defendants have failed to take any prompt and equitable steps to remedy their discriminatory conduct, despite the fact that at least one Defendant, Windam, Inc. d/b/a "Uncommon Grounds," has been on notice of the fact that the facilities contained accessibility barriers since at least September 18, 2013. Defendants' violations of the MHRA are ongoing.

49.   Defendants have failed to remove architectural barriers to full and equal access by Plaintiff and other persons with disabilities, even though compliance would have been readily achievable. Removal of the architectural barriers would neither fundamentally alter the nature of the business nor result in an undue burden to Defendants.

50.   Plaintiff specifically plans to visit "Uncommon Grounds" again in the immediate future. Plaintiff is without adequate remedy at law, has suffered and is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm upon his planned return visit to "Uncommon Grounds," unless and until Defendants are required to remove the physical barriers to access and MHRA violations that exist at Defendants' place of public accommodation, including those set forth specifically herein.

51.   This Court has authority under Minn. Stat. 363A.33, Subd. 6, and Minn. Stat. 363A.29, Subd. 3–4, to issue an order directing Defendants to cease and desist from their unfair discriminatory practices and to take affirmative action to make their facilities readily accessible to and independently usable by individuals with disabilities. The Court furthermore has authority under these statutory provisions of the MHRA to order Defendants to pay a civil penalty to the state and to pay damages to Plaintiff.

52.   Plaintiff has retained the undersigned counsel for the filing and prosecution of this action, and is entitled to recover reasonable attorneys' fees from Defendants as part of the costs, pursuant to Minn. Stat. 363A.33, Subd. 7.

**WHEREFORE**, Plaintiff respectfully requests:

a. That the Court issue a Declaratory Judgment that determines that the Defendants' facilities, at the commencement of the instant suit, are in

- 14 -

violation of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*, and the relevant implementing regulations including the ADAAG, and that Defendants' conduct and/or inaction constitutes an unfair discriminatory practice under the MHRA;

b. That the Court issue a permanent injunction, pursuant to 42 U.S.C. § 12188(a)(2), 28 C.F.R. § 36.504(a), Minn. Stat. 363A.33, Subd. 6, and Minn. Stat. 363A.29, Subd. 3, enjoining Defendants from continuing their discriminatory practices; including an order directing Defendants to make all readily achievable alterations to their facilities so as to remove physical barriers to access and make their facilities fully accessible to and independently usable by individuals with disabilities to the extent required by the ADA and the MHRA; and also including an order requiring Defendants to make all reasonable modifications in policies, practices or procedures necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities on a full and equal basis;

c. That the Court order Defendants to pay a civil penalty to the state pursuant to Minn. Stat. 363A.33, Subd. 6 and Minn. Stat. 363A.29, Subd. 4;

d. That the Court award Plaintiff damages, to be paid by Defendants pursuant to Minn. Stat. 363A.33, Subd. 6 and Minn. Stat. 363A. 29, Subd. 4;

e. That the Court award Plaintiff his reasonable attorneys' fees, litigation expenses, and costs of suit pursuant to 42 U.S.C. § 12205, 28 C.F.R. § 36.505, and Minn. Stat. 363A.33, Subd. 7, or as otherwise provided by law; and

f. That the Court issue such other relief as it deems just and proper, and/or is allowable under Title III of the ADA or the MHRA.

Respectfully submitted,

DATED: __12/31/13__

Paul R. Hansmeier (MN Bar # 387795)
CLASS JUSTICE PLLC
100 South Fifth Street, Suite 1900
Minneapolis, MN 55402
E-mail: mail@classjustice.org
Phone: (612) 326-9801

- 16 -

## ACKNOWLEDGMENT

Pursuant to Minn. Stat. § 549.211, the undersigned hereby acknowledges that monetary and other sanctions may be imposed for presenting a position to the Court that is unwarranted or for an improper purpose, as more fully defined in that statute.

DATED: 12/31/13

By: _____

Paul R. Hansmeier (MN Bar #387795)

- 17 -