# UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF MINNESOTA

---

Eric Wong,                                    Civil No.  **14-cv-221**

          Plaintiff,

v.

Windam, Inc., d/b/a Uncommon            **ANSWER OF WINDAM, INC., d/b/a**
Grounds, a Minnesota business              **UNCOMMON GROUNDS AND**
corporation; and Dale Lee,                          **DALE LEE**

          Defendants.

---

Defendants Windam, Inc., d/b/a Uncommon Grounds and Dale Lee ("Defendants") as and for their Answer to the Complaint of Plaintiff Eric Wong ("Plaintiff") state and answer as follows:

Defendants deny each and every allegation of the Complaint, except as expressly admitted or qualified herein.

1.      With regard to the allegations in Paragraph 1 of the Complaint, Defendants are without knowledge or information sufficient to admit or deny the allegations concerning Plaintiff's disability status and therefore deny the same, acknowledge that Plaintiff purports to bring various claims against Defendants, specifically deny that Defendants are in violation of any federal or state law, and deny the remaining allegations in Paragraph 1 of the Complaint.

2.      Defendants deny the allegations in Paragraphs 2, 3, and 4 of the Complaint.

3.      With regard to the allegations in Paragraph 5 of the Complaint, Defendants admit that the Plaintiff purports to seek declaratory and injunctive relief, but deny that Plaintiff is entitled to any such relief and otherwise deny the allegations in Paragraph 5 of the Complaint.

4.      With regard to the allegations in Paragraph 6 of the Complaint, Defendants admit that Hennepin County is the proper venue, but otherwise deny the allegations in Paragraph 6 of the Complaint.

5.      Defendants are without knowledge or information sufficient to admit or deny the allegations contained in Paragraphs 7 and 8 of the Complaint and therefore deny the same.

6.      Defendants admit the allegations in Paragraphs 9 and 10 of the Complaint.

7.      Defendants are without knowledge or information sufficient to admit or deny the allegations contained in Paragraphs 11, 12, and 13 of the Complaint and therefore deny the same.

8.      Paragraph 14 states only legal conclusions to which no response is required. To the extent that Paragraph 14 of the Complaint is deemed to contain factual allegations Defendants deny the same.

9.      Defendants are without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 15 of the Complaint and therefore deny the same.

10.     Paragraphs 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, and 26 assert allegations regarding the ADA that do not require a response from Defendants.   To the extent a

response is required, Defendants affirmatively state that the ADA and ensuing mandates speak for themselves and Defendants deny the allegations to the extent they fail to comport with the documents cited.

11.     Defendants deny the allegations in Paragraphs 27 and 28 of the Complaint.

12.     Defendants are without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 29 of the Complaint and therefore deny the same.

13.     Defendants deny the allegations in Paragraphs 30 and 31 of the Complaint.

14.     Defendants are without knowledge or information sufficient to admit or deny the allegations contained in Paragraphs 32 and 33 of the Complaint and therefore deny the same.

15.     Defendants deny the allegations in Paragraph 34 of the Complaint.

16.     With regard to the allegations in Paragraph 35 of the Complaint, Defendants reallege and incorporate their responses to Paragraphs 1 through 34 of the Complaint.

17.     With regard to the allegations in Paragraphs 36 and 37 of the Complaint, Defendants affirmatively state that 42 U.S.C. § 1201, *et seq.*, speaks for itself and otherwise deny the allegations in Paragraphs 36 and 37 of the Complaint.

18.     Defendants deny the allegations contained in Paragraphs 38, 39, and 40 of the Complaint.

19.     Defendants are without knowledge or information sufficient to admit or deny the allegation in Paragraph 41 of the Complaint that Plaintiff plans to visit

Uncommon Grounds in the immediate future and therefore deny the same. Defendants deny the remaining allegations in Paragraph 41 of the Complaint.

20.    With regard to the allegations in Paragraph 42 of the Complaint, Defendants affirmatively state that 42 U.S.C. § 12188 speaks for itself, deny that Plaintiff is entitled to any relief, and otherwise deny the allegations in Paragraph 42 of the Complaint.

21.    With regard to the allegations in Paragraph 43 of the Complaint, Defendants affirmatively state that 42 U.S.C. §§ 12205, 12117, and 28 C.F.R. § 36.505 speak for themselves, deny that Plaintiff is entitled to any relief, and otherwise deny the allegations in Paragraph 43 of the Complaint

22.    With regard to the allegations in Paragraph 44 of the Complaint, Defendants reallege and incorporate their responses to Paragraphs 1 through 43 of the Complaint.

23.    With regard to the allegations in Paragraphs 45 and 46 of the Complaint, Defendants affirmatively state that Minn. Stat. § 363A.11 speaks for itself and otherwise deny the allegations in Paragraphs 45 and 46 of the Complaint.

24.    Defendants deny the allegations in Paragraphs 47, 48, and 49 of the Complaint.

25.    Defendants are without knowledge or information sufficient to admit or deny the allegation in Paragraph 50 of the Complaint that Plaintiff plans to visit Uncommon Grounds in the immediate future and therefore deny the same. Defendants deny the remaining allegations in Paragraph 50 of the Complaint.

26.     With regard to the allegations in Paragraphs 51 and 52 of the Complaint, Defendants affirmatively state that Minn. Stat. §§ 363A.29, 363A.33 speak for themselves, deny that Plaintiff is entitled to any relief, and otherwise deny the allegations in Paragraphs 51 and 52 of the Complaint.

## AFFIRMATIVE DEFENSES

27.     Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

28.     Plaintiff's claims fail for lack of subject matter jurisdiction.

29.     Plaintiff's claims fail for lack of Article III standing.

30.     Plaintiff's claims are barred, in whole or in part, because the requested relief imposes an undue burden or hardship, is not readily achievable, and is unnecessary.

31.     Plaintiff's claims are, in whole or in part, moot or may become moot.

32.     Plaintiff's claims are barred because he was not damaged or injured by any violation of the MHRA or the ADA.

33.     Plaintiff's claims are barred because he has failed to mitigate his alleged damages.

34.     Plaintiff's claims may be barred by the doctrines of estoppel, unclean hands, wavier, and/or laches.

35.     Plaintiff's claims are barred because Defendants' actions at all times with respect to Plaintiff were based upon a proper purpose and legitimate reasons, and were in compliance with all applicable provisions of the law.

36.      Defendants assert that they may have additional affirmative defenses, the nature of which cannot be determined until Defendants have had an opportunity to engage in discovery.  Accordingly, Defendants incorporate all affirmative defenses stated or contemplated by Rule 8 of the Federal Rules of Civil Procedure as fully set forth herein and reserve the right to assert additional affirmative defenses as discovery progresses.

**WHEREFORE**, Defendants Windam, Inc., d/b/a Uncommon Grounds and Dale Lee respectfully request that judgment be entered in their favor and against Plaintiff as follows:

1.      Dismissing Plaintiff's Complaint with prejudice;

2.      Awarding Defendants their costs, disbursements, and reasonable attorney's fees, as allowed by law; and

3.      For such other relief as the Court deems appropriate.

**FABYANSKE, WESTRA, HART & THOMSON, P.A.**

Dated: January 23, 2014          s/Lucas T. Clayton
Julie A. Doherty (#237875)
jdoherty@fwhtlaw.com
Lucas T. Clayton (#0391052)
lclayton@fwhtlaw.com
800 LaSalle Avenue, Suite 1900
Minneapolis, MN 55402
Telephone: (612) 359-7600
Fax: (612)-359-7602

**ATTORNEYS FOR DEFENDANTS**